UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAMIRA K.,

                            **Plaintiff,**

            v.                                                      **1:23-CV-347**
                                                                          **(FJS)**

**MARTIN O'MALLEY, Commissioner of Social Security,**

                            **Defendant.**

---

**APPEARANCES**                                    **OF COUNSEL**

**LAW OFFICE OF LEWIS B. INSLER**      **LEWIS B. INSLER, ESQ.**
7 Woodbridge Park Drive
Ashville, North Carolina 28803
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **HEETANO SHAMSOONDAR, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**


## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner Lewis B. Insler, Esq., attorney for Plaintiff, petitions this Court pursuant to

Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1) for an award of attorney's fees based

on the contingency fee agreement between Plaintiff and Petitioner.  *See* Dkt. No. 18.  Petitioner

seeks attorney's fees in the amount of $13,500.00 under 42 U.S.C. § 406(b).[1]  *See id.*  Defendant

---

[1] Petitioner notes that "[t]he award notice states that the Commissioner is withholding
$27,772.93 for possible attorney fees.  Plaintiff's administrative counsel Michael Marciano has

Martin O'Malley, Commissioner of Social Security, "neither supports nor opposes counsel's request for attorney's fees in the amount of [$13,500.00], under 42 U.S.C. § 406(b)." *See* Dkt. No. 20 at 2.  Defendant, however, "ask[s] the Court [to] direct that Plaintiff's counsel reimburse Plaintiff any fees he previously received under the EAJA, 28 U.S.C. § 2412, in its order resolving Plaintiff's fee petition." *See id.*

## II. DISCUSSION

Petitioner represented Plaintiff in a civil action before this Court for judicial review of Defendant Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits.  *See* Dkt. No. 18, Insler Petition, at ¶ 3.  On September 12, 2023, the Court entered a stipulation and order, reversing Defendant Commissioner's final decision and remanding the matter  to the Social Security Administration for further proceedings.  *See* Dkt. No. 13.  This remand resulted in a "decision favorable to the Plaintiff dated April 4, 2024, awarding her Disability Benefits and resulting in significant retroactive benefits."  *See* Dkt. No. 18, Insler Petition, at ¶ 4.

Petitioner and Plaintiff previously entered into a contingency fee agreement which provided that Plaintiff would "pay 25% of the past due benefits as an attorney fee" if the litigation was successful.  *See* Dkt. No. 18-1, Federal Court Retainer Agreement.

Under 42 U.S.C. § 406(b), this Court may award "a reasonable fee not in excess of 25 percent of… past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A).

---

received authorization for a fee of $7,200 for work performed before the Social Security Administration, as can be seen from the attached Authorization to Charge and Receive a Fee." *See* Dkt. No. 18 at ¶ 5; Dkt. No. 18-3.

On September 21, 2023, the Court issued a Stipulation and Order awarding $6,213.40 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  *See* Dkt. No. 16.  Petitioner recognizes that, should the Court award § 406(b) fees in excess of the EAJA award, Plaintiff must be refunded the approved attorney fees in the amount of $6,213.40 under the EAJA.  *See* Dkt. No. 18, Insler Petition, at ¶ 6.

Petitioner represents that he expended 28.39 hours representing Plaintiff before this Court.  *See id.* at ¶ 8; Dkt. No. 18-4 (Time Sheet).  Petitioner indicates that, if the Court awards a fee in the amount of $13,500.00 for these services, this is equivalent to an hourly rate of $475.51.  *See* Dkt. 18, Insler Petition, at ¶ 8.  The Court finds that this hourly rate is reasonable.  Given the contingent nature of the representation, the contract between Plaintiff and her attorney, and the absence of any reasons the award would be unjust, an award of $13,500.00 in attorney's fees is not a windfall.

### III. CONCLUSION

Having reviewed the entire file in this case, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Petitioner Lewis B. Insler, Esq., is awarded attorney's fees in the amount of $13,500.00 pursuant to 42 U.S.C. § 406(b)(1) to be paid out of Plaintiff's past-due benefits in accordance with agency policy.  Upon receipt of payment, Petitioner shall refund the EAJA award of $6,213.40 to his client, Samira K.

**IT IS SO ORDERED**.

Dated:  August 2, 2024
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge